UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOTCOM LLC,<br><br>Petitioner,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and AMAZON.COM, INC., a Delaware corporation,<br><br>Respondents. | Case No. C25-943RSM<br><br>ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD |

This matter comes before the Court on Petitioner DOTCOM LLC ("DOTCOM")'s Motion to vacate the final arbitration award of AAA Arbitrator Jennifer Lupo ("Award"), issued on April 7, 2025. Dkt. #11. Respondents ("Amazon") have filed an opposition brief that also moves to confirm the Award. Dkt. #12. Neither party requests oral argument.

DOTCOM was a third-party seller on Amazon's online marketplace before its account was suspended. Dkt. #11-2 at 3. To sell merchandise on Amazon's platform, DOTCOM signed the Amazon Services Business Solutions Agreement ("BSA"). *Id.* at 4. The BSA incorporates Amazon's Funds Withholding Policy. That policy states, "[i]f we find that you have engaged in deceptive, fraudulent, or illegal activity, have abused our systems, or repeatedly violated our policies that protect our customers and sellers, we may withhold some

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 1

or all funds in your account. Examples of deceptive, fraudulent, or illegal activities include, but are not limited to: falsifying or misrepresenting your identity, violating Amazon's anti-counterfeit policy, or submitting forged documents to Amazon." Dkt. #13 at 7.

On April 28, 2022, Amazon deactivated DOTCOM's seller account for being related to another seller account, MIB SHOP, that Amazon linked to multiple violations of its intellectual property and anticounterfeit policies. Dkt. #11-2 at 3. The Arbitration Award states, "while denying ownership of MIB SHOP, [DOTCOM]'s principal, Ms. Gurler, admitted to having been employed by MIB SHOP. Both MIB SHOP and DOTCOM LLC are located at the same address and Ms. Gurler's credit card backed each seller's Amazon seller account." *Id*.

Upon deactivation, Amazon withheld certain sales proceeds or funds from DOTCOM's account pursuant to the BSA. DOTCOM later pleaded that Amazon converted these funds, totaling $321,722.60. *Id*. at 6.

On March 19, 2024, DOTCOM filed a demand for arbitration. On May 13, 2024, Jennifer Lupo was appointed arbitrator. On June 22, 2025, Arbitrator Lupo issued the Award, which concluded, in part:

> While Amazon suspended Claimant's account alleging it was a de facto alter ego of MIB Shop, the arbitrator searched the record and is not convinced sufficient evidence has been presented to substantiate suspension and withholding of the Claimant's sellers account for these reasons. However, Claimant has not submitted evidence to meet the burden of proof that it did not violate Respondents' intellectual property and anticounterfeit policies. Respondents may retain the monies within the Claimant's seller account pursuant to the Amazon Funds Withholding Policy Amazon Funds Withholding Policy [sic] due to Claimant's (i) misrepresentation of its affiliation with MIB Shop's ownership; and (ii) violation of Amazon's intellectual property and anticounterfeit policies.

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 2

*Id.* The arbitrator dismissed DOTCOM's claims of breach of contract, conversion, unjust enrichment, and unfair or deceptive trade practices pursuant to the Washington Consumer Protection Act. *Id.* at 6–7.

On May 19, 2025, DOTCOM filed a Petition to vacate the arbitration award in this Court. Dkt. #1. The instant Motions followed.

The Court's review of arbitration awards is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Under the Federal Arbitration Act ("FAA"), courts may only modify, correct, or vacate arbitration awards as prescribed in 9 U.S.C. §§ 10 and 11. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). Arbitration awards may be vacated if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* § 10. The Ninth Circuit has "held that arbitrators exceed their powers when the award is completely irrational or constitutes a manifest disregard of the law." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (cleaned up).

In cases involving contracts such as this one, "the 'completely irrational' standard is extremely narrow and is satisfied only 'where [the arbitration decision] fails to draw its essence from the agreement.'" *Comedy Club*, 553 F.3d at 1288 (adopting the Eighth Circuit's view from *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461-62 (8th Cir. 2001)). "An arbitration award 'draws its essence from the agreement' if the award is derived from the agreement, viewed 'in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Aspic*, 913 F.3d at 1166 (quoting *Bosack*, 586 F. 3d at 1106). This standard requires that courts only decide whether the arbitrator's decision "draws its essence" from the contract—not whether the arbitrator's contract interpretation is correct. *Id.*

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 3

Moreover, "[m]anifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 557 (9th Cir. 2016). "The moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (cleaned up). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104 (alteration in original). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review[.]" *Id*. at 1102.

Amazon argues that the Award draws its essence from the BSA contract and is not "completely irrational," going through the Award's specific findings as to this case and the BSA. Dkt. #12 at 12–13 (citing Dkt. #11-2). Amazon points to three recent cases in this District that "rejected similar arguments for vacatur based on alleged irrationality of awards affirming Amazon's funds withholding provisions in the BSA and its incorporated policies." *Id*. at 15 (citing *Shenzhen Yunzhongge Tech. Co., Ltd. v. Amazon.com Services LLC*, 2024 WL 1659281, at *5–6 (W.D. Wash. Apr. 17, 2024); *Haines v. Amazon.com Servs. LLC*, 2025 WL 509532, at *3 (W.D. Wash. Feb. 14, 2025); and *ENH LLC v. Amazon.com Servs. LLC*, C24-02082, 2025 WL 1447514, at *5 (W.D. Wash. May 20, 2025)).

The Court has reviewed the parties' arguments, the Award, and the above cases and agrees with Amazon that DOTCOM is essentially making arguments that have been rejected multiple times in this District in the past few years. Although the Award is not a model of clarity, as in the cases above, it draws its essence from the BSA agreement and cannot be said to be completely irrational.

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 4

The Court also does not find a manifest disregard of the law under the above standards. DOTCOM argues manifest disregard because: the arbitrator did not apply the test for liquidated damages found in *Watson v. Ingram*, 124 Wn.2d 845, 881 P.2d 247 (1994); did not require Amazon to state and prove a counterclaim; failed to consider DOTCOM's unconscionability arguments; and disregarded the law by denying DOTCOM's CPA claim and request for attorney fees. Dkt. #11 at 8–17.

The *Watson* test was cited by both parties in arbitration briefing. *See* Dkt. #12 at 17 (citing exhibits). It is likely that the Arbitrator reviewed and applied the correct law but simply did not cite the *Watson* test in the Award. This same issue was raised and rejected in *ENH LLC v. Amazon.com Servs. LLC,* 2025 WL 1447514, at *5. The Court agrees with the reasoning of the Judge in that case.

The same applies to DOTCOM's argument that the arbitrator manifestly disregarded the law as to DOTCOM's unconscionability arguments—rejected in *ENH LLC*, rejected here. The Award found that the BSA was a valid and binding contract governing the dispute. Dkt. #11-2 at 4.

The Court agrees with Amazon that it did not need to file a counterclaim to withhold DOTCOM's funds as liquidated damages, as that was permitted under the BSA.

The Court agrees that DOTCOM's arguments as to its CPA claim and associated attorney fees are really "nothing more than an attempt to repackage and relitigate that claim." *See* Dkt. #12 at 21. Although the Award erroneously cites to New York's consumer protection law, this demonstrates only sloppiness, not a manifest disregard of the applicable law when considering the other findings in the Award. Because DOTCOM did not prevail on its CPA claim, the arbitrator's refusal to award fees was consistent with law and the record.

Given all of the above, and having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1)   DOTCOM's Motion to vacate, Dkt. #11, is DENIED.

2)   Amazon's Cross-Motion to Confirm Award, Dkt. #12, is GRANTED.

3)   This case is CLOSED.

DATED this 8th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO VACATE ARBITRATION AWARD AND GRANTING
MOTION TO CONFIRM ARBITRATION AWARD - 6